IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; *et al.*,<br><br>*Defendants*. | Civil Action No. 4:23-cv-00095-O |

**PLAINTIFFS' EMERGENCY MOTION FOR LEAVE
TO FILE BRIEF IN EXCESS OF PAGE LIMIT**

Plaintiffs William T. Mock; Christopher Lewis; Maxim Defense Industries, LLC ("Maxim Defense"); and Firearms Policy Coalition, Inc., through their undersigned counsel, request emergency leave to file a Brief in Support of Plaintiffs' Motion for Preliminary Injunction or for Postponement of the Effective Date of the Final Rule that exceeds the standard 25-page limit set forth in this Court's rules of practice. Plaintiffs' Brief is approximately 45 pages, excluding the cover sheet, table of contents, table of authorities, and other parts not counted by rule. The Brief presents issues that warrant briefing in excess of the 25-page limit, especially given the complexity, length, impact, and breadth of Defendants' Final Rule at issue. Plaintiffs would not oppose a similar request from Defendants in filing their response to Plaintiffs' Motion.

Defendants' Final Rule entitled *Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'* 88 Fed. Reg. 6,478 (Jan. 31, 2023), was announced for publication less than a month ago, on January 13, 2023, and was published in the Federal Register, at breakneck speed, on January 31, 2023. Defendants state that the Final Rule went into effect immediately upon publication, meaning that as of January 31, 2023, nearly every individual in the United States in possession of

1

a pistol with an attached stabilizing brace was immediately in possession of an unregistered short-barreled rifle, in violation of the National Firearms Act of 1934 ("NFA"), but Defendants have self-imposed a grace period to allow individuals to come into compliance. Final Rule at 6,480 ("Therefore, in exercising its enforcement discretion, the Department provides affected persons options that they can choose from by May 31, 2023 to comply with the statutory requirements."). Manufacturers and retailers were not so lucky, and immediately upon publication of the Final Rule, are seemingly completely prohibited from manufacturing, selling, or transferring stabilized pistols without following the onerous restrictions imposed by the NFA. Final Rule at 6,481 ("Notwithstanding the 120-day compliance period, discussed above, the rule is immediately effective in that the Department may seek to enforce the NFA's requirements with respect to any new making or new transfer of a weapon with an attached "stabilizing brace" that constitutes a short-barreled rifle under the NFA.").

Plaintiffs filed this lawsuit on January 31, 2023, challenging both the constitutionality and legality of the Final Rule. ECF No. 1. Shortly thereafter, on February 7, 2023, Plaintiffs filed their First Amended Petition, which added an additional plaintiff, Maxim Defense—a well-known manufacturer and retailer of both stabilizing braces and braced pistols. ECF No. 13. As will be fully argued in Plaintiffs' motion for a preliminary injunction, Plaintiffs Mock and Lewis are suffering an ongoing violation of their constitutionally protected rights, are unable to acquire constitutionally protected property, and fear criminal punishment for owning certain firearms. Additionally, the Final Rule's new requirements, and its effective destruction of the stabilizing brace and braced pistol market, has and will continue to directly, severely, and irreparably impact Maxim Defense's business—to the point that Maxim Defense will already have to start parting ways with staff this week (a point Plaintiffs will also fully address in their motion for a preliminary

injunction). Defendants have upended an entire industry, have harmed millions of braced pistol owners, and have published a Final Rule that will leave people without their livelihoods.

Plaintiffs' brief necessarily lays out the background of the case, as it is will be their first substantive motion in this case; covers Plaintiffs' likelihood of success on most of their claims asserted in their Amended Petition; addresses the vast extent of harm Plaintiffs have and continue to suffer as a result of the Final Rule; and the balance of interests—all of which are required to meet the standard for a preliminary injunction. *See City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (setting forth the preliminary injunction factors). Additionally, due to the impact of the Final Rule, Plaintiffs' brief also addresses the question of the necessary scope of the injunction. Plaintiffs request the additional pages to cover these issues, because, to prevail, Plaintiffs must "present a prima facie case" of each preliminary injunction factor, although they are "not required to prove [their] case in full." *See Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 684 (N.D. Tex. 2016). While this Court is intimately familiar with Administrative Procedure Act cases generally, this is a novel issue given the scope, subject matter, and impact of the Final Rule, and Defendants' reversal of its decade-long held position. The additional pages will allow the parties to fully brief the complex issues surrounding the redefinition of "rifle," Final Rule at 6,480; the complex harms that have befallen Plaintiffs, and the scope of relief necessary to mitigate those harms.

Plaintiffs have sought to move this matter along as quickly as possible without resorting to *ex parte* relief, for the benefit of the Court and all parties. In furtherance of that goal, Plaintiffs' counsel attempted to come to an agreement on this Motion with Defendants, but was unable to do so. Plaintiffs' counsel contacted Defendants' counsel via email on February 7, 2023, to inform Defendants that Plaintiffs intended to file a motion for leave to file a brief in excess of page limits,

and, once ruled upon, a motion for a preliminary injunction and request for expedited briefing on that motion. Plaintiffs informed Defendants that Plaintiffs would not oppose a similar request to file a response in excess of page limits and that Plaintiffs would be open to discussing an agreed upon expedited briefing schedule on Plaintiffs' motion for a preliminary injunction. Plaintiffs' and Defendants' counsel then had a telephone conference on February 8, 2023, to discuss the same. Defendants' counsel indicated they would discuss the matter with their clients and would get back to Plaintiffs that afternoon. On February 9, 2023, Defendants indicated that they would be willing to not oppose Plaintiffs request for excess pages if Plaintiffs would agree that Defendants would have the 21 days to respond to Plaintiffs motion established by Local Rule. Plaintiffs informed Defendants that they cannot agree to forego expedited treatment because Maxim Defense is currently subject to the Final Rule's requirement and because the other Plaintiffs have only a short window to become compliant and are already subject to the Final Rule's reclassification.

This Motion and Plaintiffs' forthcoming motion to expedite preliminary injunction briefing are thus opposed. For the reasons listed here, there is good cause to grant both. Plaintiffs file this emergency Motion in an attempt to avoid any further delay in putting the issue of preliminary relief before this Court. Plaintiffs simply want the opportunity to make their argument and have their day in court while Maxim Defense is still in business, and before Plaintiffs' unrecoverable injuries mount even higher.

DATED this 9th day of February 2023.

Respectfully submitted,

/s/ *R. Brent Cooper*
R. Brent Cooper
Texas Bar No. 04783250
brent.cooper@cooperscully.com

Benjamin D. Passey
TX Bar No. 24125681
ben.passey@cooperscully.com

COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

Cody J. Wisniewski*
CO Bar No. 50415
cwi@fpchq.org

FIREARMS POLICY COALITION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 378-5785
Telecopy: (916) 476-2392

* Admitted *pro hac vice*

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record. A courtesy copy was also emailed to Jody Lowenstein, Michael Drezner, and Faith Lowry with the U.S. Department of Justice, Civil Division, who indicated to Plaintiffs' counsel that they represent Defendants in this matter and who Plaintiffs emailed and spoken with regarding this Motion and to ascertain Defendants' position.

/s/ R. Brent Cooper
R. Brent Cooper
COOPER & SCULLY, P.C.

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 7, 8, and 9, 2023, Plaintiffs' counsel, Cody J. Wisniewski conferred with Defendants' counsel, Jody Lowenstein, Michael Drezner, and Faith Lowry with the U.S. Department of Justice, Civil Division, via email and telephone, who stated that Defendants would not agree to the relief request in this Motion unless Plaintiffs agreed to not seek expedited treatment of subsequent relief. Plaintiffs' and Defendants' conferrals are set forth in the body of this Motion.

/s/ R. Brent Cooper
R. Brent Cooper
COOPER & SCULLY, P.C.