IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>*Defendants*. | Civil Action No. 4:23-cv-00095-O |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

On April 13, 2023, the parties held a telephonic scheduling conference to discuss the various issues outlined in this Court's order of March 31, 2023, ECF No. 46. Pursuant to that order, the parties respectfully submit this joint report to provide their respective positions on those issues.

**1. A brief statement of the claims and defenses.**

Plaintiffs' statement: Plaintiffs are two individual residents of Texas, one manufacturer, and one membership organization that counts both individuals and the manufacturer as members. Plaintiffs allege that the Final Rule recently enacted by Defendants reclassifying certain firearms with stabilizing braces and other attachments, or firearms possessed in conjunction with those items even if unattached, violates various provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the U.S. Constitution. In promulgating the Final Rule, Plaintiffs allege that Defendants violated the APA by exceeding their statutory jurisdiction and authority; failing to observe procedures required by law; and acting arbitrarily, capriciously, and not in accordance with law. Further, Plaintiffs allege that Defendants violated the First, Second, and Fifth Amendments to the U.S. Constitution, as well as the Separation of Powers (Art. I, Section 1), the

1

Delegation Doctrine, and the Take Care Clause (Art. II, Section 3). In the alternative, Plaintiffs allege that if the Final Rule is upheld, then the Agencies' laws, regulations, policies, and their enforcement of the NFA's requirements as to "braced pistols" or "short-barreled rifles" violate the Second Amendment.

Defendants' statement: Defendants do not contest Plaintiffs' characterization of the nature of their claims. As to defenses, Defendants reserve the right to assert, in the appropriate motion(s), all available defenses in this matter. Many arguments Defendants anticipate raising on the merits are previewed in the filings submitted in opposition to Plaintiffs' motion for a preliminary injunction and motion for an injunction pending appeal. *See* ECF Nos. 37, 49. In addition, as the administrative record will show, the Rule is a valid exercise of ATF's statutory authority, comports with governing law, is neither arbitrary nor capricious, and does not run afoul of the Constitution.

**2. A proposed time limit to file motions for leave to join other parties.**

Plaintiffs' statement: Plaintiffs do not anticipate filing any motion for leave to join parties.

Defendants' statement: Defendants do not think that any additional parties should be included in this lawsuit.

**3. A proposed time limit to amend the pleadings.**

The parties propose that Plaintiffs may file a motion for leave to amend their pleadings no later than June 9, 2023, or 21 days after Defendants file the certified administrative record, whichever is later.

**4. Proposed time limit to file various types of motions, including dispositive motions.**

The parties have agreed that Defendants will file the certified administrative record on or before May 19, 2023. Due to the likely very large size of the administrative record, the parties agree that Defendants will provide Plaintiffs with an electronic copy of the certified administrative

record on physical storage media in the form of a thumb drive or a DVD-ROM on the same day the record is filed with the Court. The parties propose that Plaintiffs may file a motion to correct and/or supplement the administrative record by June 16, 2023, and that any such motion stays any established summary-judgment briefing deadlines until the parties or the Court can resolve the dispute.

The parties respectfully submit that this case can be resolved most efficiently through dispositive cross-motions, and therefore propose the following briefing schedule:

- Plaintiffs will file their motion for summary judgment on all claims no later than June 23, 2023;

- Defendants will file their combined cross-motion for summary judgment on all claims and response to Plaintiffs' motion for summary judgment no later than July 14, 2023;

- Plaintiffs will file their combined response to Defendants' motion for summary judgment and reply in support of Plaintiffs' motion for summary judgment no later than August 4, 2023; and

- Defendants will file their reply in support of their motion for summary judgment no later than August 18, 2023.

**5. A proposed time limit for initial designation of experts.**

The parties do not anticipate designating experts in this case.

**6. A proposed time limit for responsive designation of experts.**

*See supra* ¶ 5.

**7. A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

*See supra* ¶ 5.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Plaintiffs' statement: Depending on the contents of the record, Plaintiffs assert that either stipulations or limited interrogatories may be necessary in order for Plaintiffs and the Court to understand Defendants' interpretation and application of the Final Rule. Despite Defendants' contention that APA claims can only be resolved by the confines of the record, there are notable exceptions. "Supplementation may be permitted when: (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, [] (2) the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). Plaintiffs only intend to seek this limited form of discovery as a last resort, if Defendants' application of the Final Rule remains unclear after Plaintiffs' thorough review of the record and for the sole purpose of reducing the burden on the Court and parties, by potentially obviating any need to file overlength briefs. In addition, Plaintiffs note that limited discovery may be appropriate in light of their alternative, non-APA claim. For either their APA claims or their non-APA claim, Plaintiffs propose any needed stipulations be agreed, or failing the availability of a stipulation, interrogatories be served no later than 21 days after Defendants lodge the record and Defendants' responses be due within 14 days thereafter.

Defendants' statement: If the Court reaches the merits of Plaintiffs' APA claims, Defendants submit that these claims should be resolved solely on the basis of the administrative record, without discovery. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) ("The focal point of judicial review should be the administrative record already in existence, not some

new record made initially in the reviewing court." (cleaned up)); *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." (cleaned up)); *see also* Fed. R. Civ. P. 26(a)(1)(B), (f)(1) (exempting administrative-record cases from Rule 26 requirements). Defendants will therefore endeavor to promptly compile and produce the certified administrative record for this case. And while Plaintiffs may seek to supplement or correct the record, Defendants reserve the right to oppose any such motion or related requests for discovery. *See, e.g.*, *Sanitary Board of City of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019) ("There is a presumption that the record compiled by the agency is the record on which it rested its decision. Accordingly, courts will ordinarily assume that the administrative record is complete and exclusive for purposes of judicial review." (citation omitted)); *Medina Cty. Envt'l Action Ass'n*, 602 F.3d at 706; *see also, e.g.*, *USA Grp. Loan Servs. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996) ("Discovery is rarely proper in the judicial review of administrative action."); *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011) ("Discovery typically is not available in APA cases.").

Defendants further submit that discovery is unnecessary to resolve Plaintiffs' "alternative" claim challenging NFA regulations on short-barreled rifles under the Second Amendment, as it presents pure questions of law. *See, e.g.*, *Brazos Valley Coalition for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005); *Pollack v. Duff*, 793 F.3d 34, 48 (D.C. Cir. 2015); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1081 (7th Cir. 2013). In any event, Defendants reserve the right to object to any requests for discovery related to that claim, including interrogatories, and suggest that the time limitations provided under the Federal Rules of Civil Procedure are

appropriate for governing any discovery disputes that may arise in this matter. *See, e.g.*, Fed. R. Civ. P. 33(b)(2).

Finally, if Plaintiffs seek any discovery in this case, Defendants respectfully submit that the Court should stay any summary-judgment briefing deadlines until all issues related to Plaintiffs' discovery requests are resolved.

**9. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the parties respectfully submit that no changes or limitations to the rules governing discovery should be imposed.

**10. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The parties are aware of their preservation obligations under the Federal Rules of Civil Procedure. At this time, the parties do not anticipate that any electronic discovery issues will arise in this matter. If an issue does arise, however, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**11. Any proposals regarding the handling and protection of privileged or trial-preparation materials that should be reflected in a Court Order.**

None.

**12. A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

The parties agree that this case should be decided on dispositive cross-motions, without a trial. But if the Court were to find that a trial is necessary, the parties are not prepared at this stage of the case to provide a reasonable and informed estimate of the number of hours it would take to try any triable issues. No party has demanded a jury trial.

**13. A proposed date for further settlement negotiations.**

None.

**14. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were or will be made.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), the parties agree that initial disclosures are not necessary in this matter, which is "an action for review of an administrative record." The parties also agree that initial disclosures are not necessary with regard to Plaintiffs' non-APA claim.

**15. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The parties do not unanimously consent to a U.S. Magistrate Judge presiding over any trial in this matter.

**16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name or any mediator the parties jointly recommend to mediate the case.**

The parties do not think that this case is a good candidate for mediation or arbitration at this time.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The parties propose that the Court stay Defendants' obligation to file an answer to the complaint until after the Court resolves the parties' dispositive cross-motions, if necessary.

**18. Whether a conference with the Court is desired.**

The parties respectfully submit that a conference with the Court is not necessary at this time. Plaintiffs note, however, that if the Court requests a conference or hearing for this or any other matter, Plaintiffs' counsel are unavailable on the following dates over the next 60 days:

- May 3-12, 2023

- May 26, 2023

- June 8-9, 2023

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

DATED this the 28th day of April, 2023.

Jointly submitted,

| | |
|---|---|
| R. Brent Cooper (TX Bar No. 04783250) | BRIAN M. BOYNTON |
| Benjamin D. Passey (TX Bar No. 24125681) | Principal Deputy Assistant Attorney General |
| COOPER & SCULLY, P.C. | |
| 900 Jackson Street, Suite 100 | BRIGHAM J. BOWEN |
| Dallas, Texas  75202 | Assistant Branch Director |
| Telephone: (214) 712-9500 | |
| Telecopy: (214) 712-9540 | */s/ Jody D. Lowenstein (with authorization)* |
| brent.cooper@cooperscully.com | JODY D. LOWENSTEIN |
| ben.passey@cooperscully.com | MT Bar No. 55816869 |
| | MICHAEL DREZNER |
| */s/ Cody J. Wisniewski* | VA Bar No. 83836 |
| Cody J. Wisniewski* (CO Bar No. 50415) | TAYLOR PITZ |
| FPC ACTION FOUNDATION | CA Bar No. 332080 |
| 5550 Painted Mirage Road, Suite 320 | Trial Attorneys |
| Las Vegas, NV  89149 | U.S. Department of Justice |
| Telephone: (916) 378-5785 | Civil Division, Federal Programs Branch |
| Telecopy: (916) 476-2392 | 1100 L Street NW |
| cwi@fpchq.org | Washington, DC 20005 |
| | Phone: (202) 598-9280 |
| *Admitted *pro hac vice* | Email: jody.d.lowenstein@usdoj.gov |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 28, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski
FPC ACTION FOUNDATION