IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK, *et al.*, <br><br>    *Plaintiffs*, <br><br> v. <br><br> MERRICK B. GARLAND, *et al.*, <br><br>    *Defendants*. | Civil Action No. 4:23-cv-95-O |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARDS ...................................................................................................................2

ARGUMENT ...................................................................................................................................3

I.      A stay of proceedings in this case will promote judicial economy and conserve the parties' resources by awaiting the Fifth Circuit's guidance on relevant legal issues. ................................3

II.     Plaintiffs will not be harmed by the proposed stay. ...................................................................6

CONCLUSION ................................................................................................................................6

## INTRODUCTION

Defendants respectfully request that this Court stay further proceedings pending the Fifth Circuit's resolution of Plaintiffs' expedited appeal of the Court's order denying a preliminary injunction. *See Mock v. Garland*, No. 23-10319 (5th Cir.). The Fifth Circuit's decision in that appeal will likely provide significant guidance—and potentially a dispositive rule of decision—for resolving this case on the merits. A stay pending appellate review of relevant legal issues would thus ensure that the Court's and the parties' time and resources are conserved. Plaintiffs, in contrast, would not be prejudiced by the proposed stay because they would be protected by the Fifth Circuit's injunction pending appeal for the stay's short duration. Accordingly, in the interest of judicial economy and conserving the parties' resources, the Court should stay further proceedings in this matter.[1]

## BACKGROUND

This case concerns a rule that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") promulgated earlier this year, *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). The Rule amended existing regulations that interpret the statutory term "rifle," *id.* at 6,569, which the National Firearms Act ("NFA") and the Gun Control Act ("GCA") define as any weapon that is, *inter alia*, "designed or redesigned, made or remade, and intended to be fired from the shoulder." 26 U.S.C. § 5845(c); 18 U.S.C. § 921(a)(7). The amended regulations explain that a weapon equipped with a "stabilizing brace" may, under certain circumstances, be a "rifle" under that statutory definition. 88 Fed. Reg. at 6,569. And to provide the regulated community with guidance, the amended regulations outline the relevant criteria that ATF

---

[1] Defendants conferred with Plaintiffs regarding a stay of proceedings pending the Fifth Circuit's resolution of Plaintiffs' expedited appeal. Plaintiffs indicated that they would be willing to extend the current briefing schedule for the parties' dispositive motions by three weeks, but would oppose Defendants' proposed stay.

1

considers when determining whether a particular brace-equipped weapon is designed, made, and intended to be fired the shoulder. *Id.* at 6,569–70.

In January 2023, Plaintiffs filed this lawsuit to challenge the Rule under the Administrative Procedure Act ("APA"), *see* ECF No. 1, and moved to preliminarily enjoin ATF from enforcing the Rule weeks later, *see* ECF No. 33. On March 30, 2023, this Court denied Plaintiffs' preliminary-injunction motion, holding that Plaintiffs had not demonstrated a "substantial likelihood of success on the merits of any of their claims." *See* ECF No. 40. They promptly appealed that order, and several weeks later moved for an injunction pending appeal in the Fifth Circuit. *See Mock v. Garland*, No. 23-10319 (5th Cir. May 17, 2023), ECF No. 25-1. On May 23, 2023, a motions panel of the Fifth Circuit granted Plaintiffs' request for an injunction pending appeal in an unpublished order containing no reasoning. *Id.*, ECF No. 52-2. The Fifth Circuit also expedited the appeal, *id.*, ordering the parties to complete briefing by June 20, 2023, and setting oral argument the following week, *id.*, ECF No. 59.

## LEGAL STANDARDS

This Court has "broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.,* 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)); *accord Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is . . . inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it pending resolution of independent proceedings which bear upon the case." *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (cleaned up)); *accord Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

2

**ARGUMENT**

I. **A stay of proceedings in this case will promote judicial economy and conserve the parties' resources by awaiting the Fifth Circuit's guidance on relevant legal issues.**

It would make eminent sense for this Court to stay proceedings pending the Fifth Circuit's decision in Plaintiffs' expedited appeal because that decision will likely have a substantial impact on the resolution of this case on the merits. Courts within this Circuit routinely stay proceedings where (as here) the resolution of an appeal will likely guide the district court in deciding the issues before it. *See, e.g.*, *Whole Woman's Health v. Hellerstedt*, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017) (staying proceedings because the Fifth Circuit's resolution of "significant legal questions" raised in an appeal from a preliminary-injunction order "will likely impact litigation of the case's merits" and "alter upcoming proceedings"); *NetChoice, LLC v. Paxton*, 2021 WL 7081434, at *1 (W.D. Tex. Dec. 9, 2021) (staying proceedings because resolution of an appeal from a preliminary-injunction order "will simplify the issues in question . . . given that the entirety of Plaintiffs' challenge . . . is now before the Fifth Circuit").[2] Staying proceedings to await an appellate court's guidance on relevant legal issues ensures that the district court and the parties will benefit from the resolution or simplification of those issues, *Flores v. Bennett*, --- F. Supp. 3d ---, 2023 WL 3751998, at *9 (E.D. Cal. June 1, 2023),[3] allows the district court and the parties to "evaluate the viability of" a plaintiff's "claims under the most complete precedent," *Cunningham v. Homeside Financial, LLC*, 2017 WL 5970719, at *2 (D. Md. 2017),[4] minimizes

---

[2] *See also, e.g.*, *Greco*, 116 F. Supp. 3d at 761; *Cunningham v. Hamilton-Ryker IT Sols., LLC*, 2023 WL 2964422, at *2 (S.D. Tex. Apr. 10, 2023); *Dialysis Newco, Inc. v. Community Health Systs. Grp. Health Plan*, 2019 WL 13191609 (S.D. Tex. Aug. 26, 2019).

[3] *See also, e.g.*, *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here").

[4] *See also, e.g.*, *Oregon v. Azar*, Nos. 6:19-cv-317, 6:19-cv-318, 2019 WL 9045195, at * (D. Or. Sept. 17, 2019) (staying proceedings "while the Ninth Circuit expeditiously considers" the merits of a

the risk of inconsistent judgments, *Flores*, 2023 WL 3751998, at *9,[5] and ultimately ensures the efficient, streamlined resolution of the case, *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526–27 (S.D.N.Y. 2020).[6]

There is no dispute that Plaintiffs' expedited appeal of this Court's order denying a preliminary injunction will squarely present the Fifth Circuit with several legal issues central to the merits of Plaintiffs' claims. Accordingly, if the Court were to deny the proposed stay, the parties in this matter will be required to brief and litigate legal issues that will be directly at issue in parallel appellate proceedings. That briefing process, and this Court's consideration of any dispositive motion on those issues, would be wasteful. *See, e.g.*, *Flores*, 2023 WL 3751998, at *8 ("It would waste scarce judicial resources to grapple with the same legal questions before the Ninth Circuit, . . . and if the outcome on appeal is contrary to this Court's findings in the preliminary injunction order, deciding [dispositive

---

preliminary-injunction order "will ultimately benefit both parties and this Court," as "it is hard to imagine that the decision on appeal would not guide this [C]ourt robustly"); *Rau v. Moats*, No. 4:18-cv-154, 2018 WL 11233237, at *1 (N.D. Ga. Aug. 31, 2018) (staying proceedings because "the Eleventh Circuit's decision concerning the substantial likelihood of success element undoubtedly will provide guidance for the Court in resolving the merits" of the plaintiff's claims); *Gillick v. Willey*, 2020 WL 5017291, at *2–3 (E.D. Mo. Aug. 25, 2020) ("[D]evoting substantial judicial resources to an unsettled question of law[ ]would not be prudent when directly relevant guidance from the Eighth Circuit is forthcoming."); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 21 (D.D.C. 2020) (noting that the court stayed consideration of dispositive motions the D.C. Circuit's resolution of an appeal that "'presented threshold issues concerning the meaning of various statutory terms under' [a relevant statute], and 'substantially similar questions of law arise in the context of the present dispute'" (citation omitted)); *Moskowitz v. Am. Savings Bank, F.S.B.*, 2017 WL 10661887, at *2–3 (D. Haw. Oct. 30, 2017) (staying case "to await" the D.C. Circuit's resolution "of legal issues that bear on the adjudication of the claims in this action," and finding it "makes little sense for the parties and the Court to proceed with litigation while applicable standards remain unsettled"); *New England Deaconess Hosp. v. Sebelius*, 942 F. Supp. 2d 56, 64 (D.D.C. 2013) ("[T]his action was stayed pending the D.C. Circuit's decision in [a related case] because that decision 'would impact issues of law raised in this proceeding.'" (cleaned up)); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-cv-135, 2010 WL 567993, at *1 (N.D. Ind. Feb. 12, 2010) (staying case until the outcome of a Supreme Court decision, so as to provide the court with "clear direction on the precise standard to be applied" in evaluating the claims in the case).

[5] *See also, e.g.*, *Hughes v. Berryhill*, 2017 WL 3000035, at *2 (E.D. Ky. Feb. 21, 2017) ("[S]ince the Sixth Circuit is about to settle the law, a stay would conserve the parties' and the Court's resources while also preventing needless inconsistency in the law.").

[6] *See also, e.g.*, *Cunningham*, 2017 WL 5970719, at *2.

motions] in the interim may cause the course of this litigation to go astray.").[7] As other courts have found, "litigating essentially the same issues in two separate forums is not in the interest of judicial economy," particularly when "it is clear that the outcome of the other proceedings may affect this Court's determinations." *RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, No. 1:19-cv-03783, 2021 WL 1226714, at *3 (Mar. 31, 2021) (cleaned up)); *accord Cunningham*, 2023 WL 2964422, at *2; *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 19-cv-1871, 2020 WL 5816012, at *2 (D.D.C. Sept. 30, 2020); *Sikhs for Just.*, 893 F. Supp. 2d at 622; *Naegele v. Albers*, 355 F. Supp. 2d 129, 141 (D.D.C. 2005).

Moreover, the Fifth Circuit's decision in Plaintiffs' expedited appeal will likely provide significant aid in the resolution of this case, and potentially a dispositive rule of decision. *See, e.g., Game Plan, Inc. v. ESPN, Inc.*, No. 20-cv-455, 2020 WL 5995123 (D.D.C. Oct. 9, 2020) (finding that "a stay is proper in this case" because, *inter alia*, a separate proceeding involved similar legal issues and a decision in those proceedings would "significantly aid in the resolution of this case"); *supra* pp. 3–4 (collecting cases in accord). Granting the proposed stay would enable this Court to benefit from any instruction provided by the Fifth Circuit regarding the legal questions raised by Plaintiffs' claims, and would ensure that this Court's disposition of those questions would not conflict with any future controlling decision. *See, e.g.*, *Flores*, 2023 WL 3751998, at *8; *Cunningham*, 2017 WL 5970719, at *2; *Washington v. Trump*, No. 17-cv-141, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (explaining that "[c]onsiderable . . . resources may be wasted if the appellate court's controlling decision changes the applicable law" in the case before the district court (citation omitted)).

---

[7] *See also, e.g., Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay because the Court did "[n]ot need[] more lawyers to spend more time on more briefs on more subjects"); *Greco*, 116 F. Supp. 3d at 761 (granting a stay to avoid the risk of "duplicative litigation" and the potential need to reconduct proceedings consistent with a forthcoming Fifth Circuit decision); *Canal Props. LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (exercising the "power to stay duplicative litigation" because "given the similarity of issues in the two cases, and the potential for [the case on appeal]'s preclusive effect, it would be a poor use of judicial resources to proceed").

## II.     Plaintiffs will not be harmed by the proposed stay.

In contrast to the significant waste of resources that will likely occur if this case were to proceed in the district court at this time, Plaintiffs will suffer no harm from the proposed stay. As an initial matter, Plaintiffs are currently protected by the Fifth Circuit's injunction, and will be for the duration of their appeal. *See Mock v. Garland*, No. 23-10319 (5th Cir. May 17, 2023), ECF No. 52-2; *id.*, ECF No. 78-2 (explaining that the injunction pending appeal provides "complete relief" to Plaintiffs, their "resident family members," the Firearms Policy Coalition's members, and Maxim Defense's customers); *see also, e.g.*, *Flores*, 2023 WL 3751998, at *7 ("[T]he preliminary injunction will remain in place during the stay, which mitigates the harm Plaintiffs may suffer due to the delay" from a stay.).

Moreover, Defendants' proposed stay is of a limited and definite duration. The Fifth Circuit has expedited proceedings in Plaintiffs' appeal: the parties are set to complete briefing on June 20, 2023, and oral argument is scheduled for the following week. *See Mock v. Garland*, No. 23-10319 (May 23, 2023), ECF Nos. 52-2, 59. Therefore, any delay in further proceedings in this case would be brief and would hardly undermine the obvious benefits of a stay. *See, e.g.*, *Station 6, LLC v. Certain Underwriters at Lloyd's, London*, No. 20-cv-1371, 202 WL 9349178, at *1 (E.D. La. Aug. 13, 2020) ("A delay of a few months is, nonetheless, slight when compared to . . . the interests of judicial economy." (cleaned up)); *STM Invest S.a.r.l. v. 3P Equity Partners, LLC*, No. 19-cv-1764, 2019 WL 9518077, at *2 (C.D. Cal. June 24, 2019) ("Because the Ninth Circuit's consideration of Defendants' appeal of the preliminary injunction will be expedited, a stay of proceedings pending the appeal would not result in an undue delay" or "significant[] prejudice" to the plaintiffs.) (citation omitted)). Thus, all factors militate in favor of granting Defendants' proposed stay.

## CONCLUSION

The Court should stay further proceedings in this matter pending the Fifth Circuit's resolution of Plaintiffs' expedited appeal.

Dated: June 16, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        BRIGHAM J. BOWEN
                                        Assistant Branch Director

                                        */s/ Jody D. Lowenstein*
                                        JODY D. LOWENSTEIN (MT Bar No. 55816869)
                                        MICHAEL DREZNER (VA Bar No. 83836)
                                        TAYLOR PITZ (CA Bar No. 332080)
                                        Trial Attorneys
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20005
                                        Phone: (202) 598-9280
                                        Email: jody.d.lowenstein@usdoj.gov

                                        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On June 16, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice
