IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK; CHRISTOPHER LEWIS; FIREARMS POLICY COALITION, INC., a nonprofit corporation; and MAXIM DEFENSE INDUSTRIES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, U.S. Attorney General, in his official capacity as Attorney General of the United States; United States Department of Justice; Bureau of Alcohol, Tobacco, Firearms, and Explosives; and STEVEN DETTELBACH, in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>*Defendants*. | Civil Action No. 4:23-cv-00095-O |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rules 56.1–56.7, Plaintiffs William T. Mock; Christopher Lewis; Maxim Defense Industries, LLC; and Firearms Policy Coalition, Inc. (collectively, "Plaintiffs") respectfully move for summary judgment against Defendants Merrick Garland, the United States Department of Justice, Steven Dettelbach, and the Bureau of Alcohol, Tobacco, Firearms and Explosives (collectively, the "Agencies") on the following claims within their First Amended Petition for Judicial Review and Request for Vacatur of Agency Action, and Complaint for Declaratory and Injunctive Relief, ECF No. 13.

Count I: That the Factoring Criteria for Firearms with Attached Stabilizing Braces (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023) violates the Administrative Procedure Act ("APA") in that it exceeds the Agencies' statutory authority, under 5 U.S.C. § 706(2)(C).

Count II: That the Final Rule violates the APA in that the Agencies failed to observe legally required procedures, under 5 U.S.C. § 706(2)(D).

Count III: That the Final Rule violates the APA in that it is arbitrary, capricious, and not in accordance with law, under 5 U.S.C. § 706(2)(A).

Count IV: That the Final Rule violates the APA and principles of the United States Constitution, in that the Final Rule regulates and chills speech based on the speaker and/or the content of such speech, as prohibited by the First Amendment to the United States Constitution and 5 U.S.C. § 706(2)(B).

Count V: That the Final Rule violates the APA and principles of the United States Constitution, in that the Final Rule fails to provide a person of ordinary intelligence with notice of what the law requires and forbids and is therefore unconstitutionally vague for failing to allow for

due process as required by the Fifth Amendment to the United States Constitution and 5 U.S.C. § 706(2)(B).

Count VI: That the Final Rule violates the APA and principles of the United States Constitution, in that the Agencies, part of the Executive Branch, engaged in legislative acts without being delegated that authority by Congress, as required by Article I, Section 1 of the Constitution, the associated Delegation Doctrine, and 5 U.S.C. § 706(2)(B).

Count VII: That the Final Rule violates the APA and principles of the United States Constitution, in that the Agencies, part of the Executive Branch, exceeded their authority to "take Care that the Laws be faithfully executed[,]" as set forth by Article II, Section 3 of the United States Constitution, and 5 U.S.C. § 706(2)(B).

Count VIII: That the Final Rule violates the APA and principles of the United States Constitution, in that the Final Rule abridges the right to keep and bear arms, as secured by the Second Amendment to the United States Constitution and 5 U.S.C. § 706(2)(B).

Count IX: In the alternative, that the Agencies' laws, regulations, policies, and their enforcement of the National Firearms Act's regulation of arms classified as short-barreled rifles (including arms formerly exempted as braced pistols) abridges the right to keep and bear arms, as secured by the Second Amendment to the United States Constitution.

Plaintiffs submit that the matters required under Rule 56.3 are also set forth in the Brief, which is being filed concurrently herewith according to Local Rules 7.1 and 56.5. The Plaintiffs' Motion for Summary Judgment collectively includes this Motion and the Plaintiffs' Brief in Support.

The Plaintiffs respectfully request that the Court enter judgment in their favor and grant the Plaintiffs such other and further relief as the Court may deem proper.

Dated: November 14, 2023

                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Bradley A. Benbrook | R. Brent Cooper (TX Bar No. 04783250) |
| Bradley A. Benbrook* (CA Bar No. 177786) | Benjamin D. Passey (TX Bar No. 24125681) |
| Stephen M. Duvernay* (CA Bar No. 250957) | COOPER & SCULLY, P.C. |
| BENBROOK LAW GROUP, P.C. | 900 Jackson Street, Suite 100 |
| 701 University Avenue, Suite 106 | Dallas, Texas 75202 |
| Sacramento, California 95825 | Telephone: (214) 712-9500 |
| Telephone: (916) 447-4900 | Telecopy: (214) 712-9540 |
| Telecopy: (916) 447-4904 | brent.cooper@cooperscully.com |
| brad@benbrooklawgroup.com | ben.passey@cooperscully.com |
| steve@benbrooklawgroup.com | |

                                                  Cody J. Wisniewski* (CO Bar No. 50415)
                                                FPC ACTION FOUNDATION
                                                5550 Painted Mirage Road, Suite 320
                                                Las Vegas, NV 89149
                                                Telephone: (916) 378-5785
                                                Telecopy: (916) 476-2392
                                                cwi@fpchq.org

                                                *Admitted *pro hac vice*

                                                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2023, a true and correct copy of the foregoing document and all supporting documents filed concurrently therewith were served via the Court's CM/ECF system to all counsel of record.

/s/ Bradley A. Benbrook<br>
Bradley A. Benbrook